UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Gail Bredemus, Patricia Anderson,
Nancy Benjamin, Donna Budreau,
Carol Glidden, Phyllis Hagen,
Kenneth Howard, Yvonne
Littlewolf, Donna Morgan, Donna
Oachs, Simone Pemberton, Brenda
Smith, Sharon Villier, Linda Herrera,
Lashelle Masten, Larry Swanson,
Leonard Swanson, Lonnie Swanson,
Loren Swanson, and Luther Swanson,

                Plaintiffs,

  vs.

International Paper Company, a New
York corporation, f/k/a Champion
International Corporation, f/k/a St.
Regis Paper Company, f/k/a Wheeler
Lumber Bridge and Supply Company;
Burlington Northern and Santa Fe
Railway Company, a Delaware
corporation, f/k/a Great Northern
Pacific & Burlington Lines, f/k/a
Great Northern Railway Company; Dow
Chemical Company, a Delaware
corporation; and Pharmacia Corporation,

f/k/a Monsanto Company, a Delaware
corporation,

         Defendants.   Civ. No. 06-1274 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

On April 9, 2009, the Court conducted a telephonic Status Conference, at which time, the Plaintiffs appeared by James P. Carey, Esq.; the Defendant International Paper Company ("International Paper") appeared by Cheryl A. Stanton, Esq.; the Defendant Burlington Northern Santa Fe Railway Company ("BNSF") appeared by Matthew R. Brodin, Esq.; the Defendant Dow Chemical Company ("Dow") appeared by Lise T. Spacapan, Esq.; and the Defendant Pharmacia Corporation ("Pharmacia") appeared by C. Ron Hobbs II, and Kenneth R. Heineman, Esqs.

By way of brief background, in this personal injury action, eighteen (18) individual Plaintiffs assert that they were harmed from exposure to five (5) chemical agents, which were released from a former wood treatment plant in Cass Lake, Minnesota (the "Cass Lake facility," or the "Superfund site"). This case has been designated as a related case to <u>Bennett v. International Paper Company</u>, Civ. No. 05-0038 (PJS/RLE)(the "<u>Bennett</u> Litigation"), which involves property damage claims

against the same Defendants, based upon the same alleged conduct. See, Docket No. 98.[1]

In the Bennett Litigation, by Order dated October 31, 2008, the District Court, the Honorable Patrick J. Schiltz presiding, granted the parties leave to file a "first phase" of dispositive Motions, see, Bennett Litigation, Docket No. 396, and thereafter, by Order dated March 4, 2009, the District Court granted the Motions of BNSF, Dow, and Pharmacia for Summary Judgment, as to certain of the Plaintiffs' claims. See, Bennett Litigation, Docket No. 438. As a result, several Counts of the Bennett Plaintiffs' Complaint were dismissed, as well as BNSF's Cross-Claims against Dow and Pharmacia. Id. However, the Defendants' joint Motion for Summary Judgment, based upon the statute of limitations, remains pending, see, Bennett Litigation, Docket No. 402, and is pending a decision, after a Hearing before the District Court, on April 14, 2009.

In the interim, all matters in this action, including discovery and Motion practice, have been subject to a Stay, that was imposed by Order of the District Court, the Honorable Donovan W. Frank presiding, dated October 22, 2008. See, Docket No. 341. In a subsequent Status Conference, on February 24, 2009, we invited the

---

[1] All citations are to this action, unless otherwise noted.

parties' comments, concerning the advisability of proceeding with a "first phase" of dispositive Motions in this action, while awaiting the resolution of several of the Defendants' dispositive Motions in the <u>Bennett</u> Litigation.  See, <u>Docket No. 351</u>.

On April 9, 2009, following our receipt of the parties' responses, we conducted another Status Conference, during which, the parties expressed their agreement, that the "first phase" of dispositive Motions can move forward in this action, and that oral argument may ultimately prove unnecessary, with respect to those Motions. However, the parties suggested that the Defendants' joint Motion, based upon the statute of limitations, be deferred, pending the District Court's ruling in the <u>Bennett</u> Litigation, in the interests of judicial economy and efficiency.  Although the statute of limitations defense will likely implicate different legal considerations in this action, which includes personal injury claims, rather than property damage claims, we concur in the parties' view.

As a result, we recommend that Dow, Pharmacia, and BNSF, be directed to serve and file their "first phase" of dispositive Motions, together with any supporting papers, as detailed above, for the District Court's consideration.  We further recommend that the District Court defer the submission, and consideration, of the

Defendants' joint Motion, based upon a statute of limitations defense, pending a ruling in the <u>Bennett</u> Litigation.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That Dow, Pharmacia, and BNSF be directed to serve and file their "first phase" of dispositive Motions, as detailed above, **by no later than June 15, 2009**.

2. That the District Court defer the submission, and consideration, of the Defendants' joint Motion for Summary Judgment, based upon the statute of limitations, pending a ruling in the <u>Bennett</u> Litigation.

BY THE COURT:

Dated:  April 15, 2009                *s/Raymond L. Erickson*
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May**

**1, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 1, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.