| | |
|---|---|
| Gail Bredemus, et al., | Civil No. 06-1274 (DWF/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| International Paper Company; Burlington Northern and Santa Fe Railway Company; Dow Chemical Company; and Pharmacia Corporation, | |
| Defendants. | |

___

Cory P. Whalen, Esq., James P. Carey, Esq., John W. Carey, Esq., and Shannon C. Keil, Esq., Sieben, Grose, Von Holtum & Carey; Don Russo, Esq., Don Russo, PA; Gary M. Hazelton, Esq., Hazelton Law Firm PLLC; Mark L. Rodgers, Esq., Rodgers Law Office PLLC; Thomas V. Girardi, Esq., and Thomas J. Johnston, Esq., Girardi Keese; and William J. Delmore, Esq., Kelsch Kelsch Ruff & Kranda, counsel for Plaintiffs.

Cory D. Olson, Esq., Joseph W. Anthony, Esq., Steven M. Phillips, Esq., Cheryl A. Stanton, Esq., and Courtland C. Merrill, Esq., Anthony Ostlund Baer & Louwagie PA; Patrick W. Dennis, Esq., Gibson Dunn & Crutcher LLP; R. Raymond Rothman, Esq., and Tiffany R. Hedgpeth, Esq., Bingham McCutchen LLP, counsel for Defendant International Paper Company.

Robin Caneff Gipson, Esq., Timothy R. Thornton, Esq., Matthew R. Brodin, Esq., and Timothy G. Gelinske, Esq., Briggs and Morgan, P.A., counsel for Defendant Burlington Northern and Santa Fe Railway Company.

Gabrielle Sigel, Esq., Joanne Hannaway Sweeney, Esq., Lise T. Spacapan, Esq., and Stacy S. Jakobe, Esq., Jenner & Block LLP; James A. Sherer, Esq., and Lynn S. Looby, Esq., The Dow Chemical Company; and Sarah L. Brew, Esq., Halleland Lewis Nilan & Johnson PA, counsel for Defendant Dow Chemical Company.

Adam Miller, Esq., Joseph Orlet, Esq., C. Ron Hobbs, II, Esq., J. Eric Berry, Esq., Justin A. Relihan, Esq., and Kenneth R. Heineman, Esq., Husch Blackwell Sanders LLP; Sarah L. Brew, Esq., Halleland Lewis Nilan & Johnson PA; and George W. Flynn, Esq., Jennifer Flynn Rosemark, Esq., and Robert W. Vaccaro, Esq., Flynn Gaskins & Bennett, LLP, counsel for Defendant Pharmacia Corporation.

## INTRODUCTION

This matter is before the Court on a motion for partial summary judgment by Defendant Burlington Northern and Santa Fe Railway Company ("BNSF") and on a joint motion for summary judgment by Defendants Dow Chemical Company and Pharmacia Corporation. For the reasons stated below, the Court grants both motions.

## FACTUAL AND PROCEDURAL BACKGROUND

In their Second Amended Complaint, Plaintiffs allege a total of twenty-one counts against the various Defendants (although not every count is directed at every Defendant). (Doc. No. 249.) For present purposes, the Defendants can be grouped as follows: (1) International Paper Company; (2) BNSF; and (3) Dow and Pharmacia. For purposes of BNSF's motion and Dow and Pharmacia's joint motion, only the following counts are relevant:

| | |
|---|---|
| Count I: | General Negligence (Personal Injury) |
| Count III: | Minnesota Environmental Response and Liability Act ("MERLA") Strict Liability (Personal Injury) |
| Count V: | Strict Liability (Personal Injury) |
| Count VII | Product Liability (Personal Injury) |
| Count VIII: | Product Liability–PEN (Personal Injury) |
| Count IX: | Breach of Warranty (Personal Injury) |
| Count X: | Civil Battery (Personal Injury) |
| Count XI: | Breach of Duty to Leaseholder (Personal Injury) |
| Count XVIII: | Negligence/Breach of Duty to Leaseholder (Property Damage) |
| Count XVII: | MERLA Strict Liability (Property Damage) |

> Count XIX: Product Liability–PEN (Property Damage)
> Count XX: Breach of Warranty (Property Damage)
> Count XXI: Strict Liability (Property Damage)

(Doc. No. 249.)[1]

Defendants Dow and Pharmacia move for summary judgment on each of the counts directed against them, that is: Counts I, V, VII, VIII, IX, X, XIX, XX, & XXI. (Doc. No. 366.) Defendant BNSF moves for summary judgment on almost all of the counts directed against it, that is: Counts I, X, XI, & XVIII, and part of each of Counts III & XVII. (Doc. No. 361.) Counts III and XVII, both of which allege strict liability under MERLA, are each premised on two separate liability theories: (A) that BNSF was the owner of land on which International Paper released hazardous materials (the "landowner theory"); and (B) that BNSF itself sprayed the land with hazardous substances (the "active polluting theory"). (Doc. No. 249 ¶¶ 47-55 & 127-34.) BNSF's motion does not seek summary judgment with respect to theory (A).

Finally, BNSF filed a cross-claim against Dow and Pharmacia (as well as against International Paper), alleging entitlement to indemnity and contribution from the other Defendants should BNSF be held liable to Plaintiffs. (Doc. No. 4 (Count Three).)

---

[1] Counts II, IV, VI, & XII-XVI are directed only against International Paper. (*Id.*) They are not at issue here, because it has not moved for summary judgment.

# DISCUSSION

## I. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the Court must view the evidence in the light most favorable to the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the party bearing the burden of proof at trial may not rest on the pleadings but rather must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## II. Dow and Pharmacia's Motion

Based on the parties' briefing and oral arguments, there is no dispute that Dow and Pharmacia are entitled to judgment on each of the counts of Plaintiffs' Complaint directed against them. In sum, they are entitled to judgment on Counts I, V, VII, VIII, IX, X, XIX, XX and XXI.

## III. BNSF's Motion

Based on the parties' briefing and oral arguments, there is no dispute that BNSF is entitled to judgment on each of the counts of Plaintiffs' Complaint on which it seeks summary judgment. BNSF moved for summary judgment with respect to each of the counts directed against it except for the landowner theory of liability of Counts III and

XVII. In sum, BNSF is entitled to judgment on Counts I, X, XI, XVIII, and the active polluting theory component of Counts III and XVII.

## IV.    BNSF's Cross-Claim

Finally, Dow and Pharmacia contend that now that judgment has been granted to them on Plaintiffs' claims against them, they are also entitled to judgment on BNSF's cross-claim against them for indemnity and contribution, as it is entirely derivative of Plaintiffs' claims against BNSF.  (Doc. No. 376 at 3.)  But Dow and Pharmacia have not formally moved for such relief, having raised this issue for the first time in their Reply Memorandum.  The Court will entertain a properly-filed motion for summary judgment contending that while BNSF remains potentially liable on the landowner theory of liability of Counts III and XVII, any such recovery by Plaintiffs under MERLA could not support a contribution or indemnity claim by BNSF against Dow and Pharmacia now that they have been granted judgment on all of the Plaintiffs' claims against them.

## CONCLUSION

The moving Defendants are entitled to the summary judgments they have requested:  (1) Dow and Pharmacia are entitled to judgment on all of Plaintiffs' claims against them; and (2) BNSF is entitled to judgment on all of Plaintiffs' claims against it except for those parts of Counts III and XVII premised on it being an owner of land on which International Paper allegedly released hazardous materials.

Based on the grant of summary judgment to Dow and Pharmacia, the Court will entertain a properly filed motion by Dow and Pharmacia with respect to BNSF's derivative cross-claim against them.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Dow and Pharmacia's Joint Motion for Summary Judgment (Doc. No. 366) is **GRANTED**; and

2. Defendant BNSF's Motion for Partial Summary Judgment (Doc. No. 361) is **GRANTED**.

Dated: September 24, 2009         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge